UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RAGSDALE,<br><br>        Plaintiff,<br><br>    v.<br><br>F. MEDRANO, *et al*.,<br><br>        Defendants. | Case No. 1:18-cv-00414-AWI-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM WITHOUT LEAVE TO AMEND<br><br>ECF No. 1<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed March 16, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that various defendants verbally harassed him. Verbal harassment, however, is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Accordingly, we will recommend that the complaint be dismissed without leave to amend.

**I.    SCREENING AND PLEADING REQUIREMENTS**

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to

1

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II.    THE COMPLAINT**

The court draws the following facts from plaintiff's complaint,[1] ECF No. 1, and accepts them as true for screening purposes. Plaintiff is incarcerated at Wasco State Prison ("WSP"). *Id.* at 1. Defendants F. Medrano, J. Ruiz, Garza, and Espita are correctional counselors at WSP. *Id.* at 3-4. Defendant Dr. Kopp is a doctor of psychiatry in the Department of Mental Health at WSP. *Id.* at 4.

---

[1] The court treats the 602-appeal form attached to plaintiff's complaint as part of the pleading. *See* Fed. R. Civ. Proc. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

2

On March 24, 2017, plaintiff submitted a 602 appeal that primarily concerned an interaction with defendant Medrano on an unspecified date. *Id.* at 7-10. In the appeal, plaintiff alleges that when he exited his cell for "evening pill call," Medrano made the following comments over the "P.A. system": "What [you] lookin' at Ragsdale[?] I said that, and now I'm telling [you] that I think [you're] a little faggot homosexual." *Id.* at 9. Seemingly related to this allegation, plaintiff states that defendant J. Ruiz, who was in the "tower" during the incident, protected his partner, Medrano, "instead of enforcing policy." *Id.* at 5.

Plaintiff alleges that, on an unspecified date, defendant Garza showed plaintiff's 602 appeal to prison inmates. *Id.* Then, on December 9, 2017, Garza "came to [plaintiff's] cell and called [him] a homosexual." *Id.* Likewise, plaintiff alleges that defendant Espita "called [plaintiff] a homosexual to his face on [December 9, 2017] at [plaintiff's] cell door, where [he] is sure others heard." *Id.*

Plaintiff alleges that, on an unspecified date, defendant Dr. Kopp "violated H.I.P.P.A. client privilege [and] the (C.M.I.A.) Confidentiality of Medical Information Act." *Id.*

Plaintiff brings a wide variety of legal claims arising out of the factual allegations, including breach of contract, violation of the Department Operations Manual, violation of Title 15, creating a hostile environment, and violations of the Health Insurance Portability and Accountability Act ("HIPAA") and the Confidentiality of Medical Information Act. *Id.* at 4-5. He prays for "injunctive relief and monetary compensation of five hundred thousand dollars." *Id.* at 6.

**III. DISCUSSION**

**A. Requirements under 42 U.S.C. § 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative

act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Here, all defendants are state prison employees who—accepting plaintiff's allegations as true—can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))).

Plaintiff plausibly alleges that defendants F. Medrano, Garza, and Espita personally participated in the alleged deprivations. Each of these defendants allegedly called plaintiff a slur, ECF No. 1 at 5, 9, which constitutes an "affirmative act," *Preschooler II*, 479 F.3d at 1183.

Plaintiff does not plausibly allege that defendants J. Ruiz or Dr. Kopp personally participated in the alleged deprivations. Plaintiff alleges that Ruiz "protected" his partner, Medrano, ECF No. 1 at 5, but plaintiff provides no facts that support this assertion or link Ruiz's conduct to Medrano's affirmative act. Likewise, plaintiff alleges that Dr. Kopp "violated H.I.P.P.A. client privilege [and] the (C.M.I.A.) Confidentiality of Medical Information Act," *id.* at 5, but he fails to state any facts describing Dr. Kopp's specific conduct.[2] Because these scant allegations fail to constitute personal participation, plaintiff has not stated claims against Ruiz and Dr. Kopp for constitutional violations under § 1983. The court will thus recommend that the claims against them be dismissed.

The remaining question is whether defendants F. Medrano, Garza, and Espita's alleged actions violated federal law.

### B. Verbal Harassment

Plaintiff alleges that he was verbally harassed by defendants F. Medrano, Garza, and Espita. ECF No. 1 at 5, 9. Allegations of name-calling, verbal abuse, or threats fail to state a

---

[2] Notably, there is no private right of action for a violation of HIPAA. *See Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010).

4

constitutional claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979))); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), *amended on other grounds by* 135 F.3d 1318 (9th Cir. 1998); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981) (holding that prisoner's allegations of harassment, embarrassment, and defamation fail to state a claim cognizable under 42 U.S.C. § 1983) *overruled on other grounds in Wood v. Ostrander*, 879 F.2d 583, 589 (9th Cir. 1989). Accordingly, plaintiff's claims of verbal abuse and harassment do not state cognizable claims under § 1983.

### IV. CONCLUSION

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim against any defendant. Plaintiff alleges that various defendants verbally harassed him, but verbal harassment is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Accordingly, we will recommend that the complaint be dismissed with prejudice. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend." (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment).

### V. RECOMMENDATION

We recommend that plaintiff's complaint, ECF No. 1, be dismissed for failure to state a claim for relief. The complaint should be dismissed with prejudice because amendment would be futile.

The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the

findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: December 12, 2018

_____
UNITED STATES MAGISTRATE JUDGE